## Deindorfer *et ux.* v. Bachmor.

1. An assignment of error that a referee erred in finding in favor of respondent is too vague and indefinite to be considered on appeal.

2. A finding that a mortgage was signed by certain parties, "and was duly acknowledged," sufficiently finds that it was acknowledged by all, and that all joined in its execution.

3. On an issue before a referee as to whether a wife joined with her husband in the execution of a mortgage, which she denied, the notary before whom it was acknowledged swore that she both signed and acknowledged it in his presence, and his evidence as to her signature was corroborated by the testimony of experts who had compared her signature with her handwriting. *Held* to justify a finding that she both signed and acknowledged it.

4. The finding of a referee, on conflicting evidence, that a note had not been paid, will not be disturbed on appeal, if the court is unable to say that it is not fully justified by the evidence.

5. An application for a new trial on the ground of newly-discovered evidence was based on the affidavit of a witness for the defeated parties, who had attended the trial before a referee six months before he made his report on which the judgment was rendered. The affiant swore to an important admission against the interest of the successful party, not

testified to at the trial, which she denied by a counter affidavit. *Held*, that the court did not err in refusing a new trial.

6. A contention by mortgagees that a mortgage was invalid because it was executed on land settled on by the mortgagors as a homestead under the laws of the United States, prior to final proof under such law, could not be made for the first time on appeal.

(Opinion filed December 20, 1899.)

Appeal from circuit court, Jerauld county. Hon. FRANK B. SMITH, Judge.

Action by George Deindorfer and Sabrina Deindorfer against Paulina Bachmor to set aside proceedings for the foreclosure by advertisement of a mortgage upon real property, and to vacate and set aside a deed based thereon from a judgment for defendant, and from an order denying a new trial, plaintiffs appeal. Affirmed.

The facts are stated in the opinion.

*N. J. Dunham*, for appellants.

*S. A. Ramsey*, for respondent.

CORSON, P. J. This was an action by the plaintiffs, claiming to be the owners of a quarter section of land in Jerauld county, to vacate and set aside proceedings for the foreclosure by advertisement taken by the defendant to foreclose a certain real-estate mortgage upon the said quarter section of land, and to cancel and set aside the deed made thereon. Judgment for the defendant, and plaintiffs appeal.

The plaintiffs allege in their complaint that the plaintiff George Deindorfer was the owner of the said quarter section of land; that plaintiffs were husband and wife; that on or about the first day of February, 1888, the plaintiff George Deindorfer

executed and delivered to one Mary E. Thompson a mortgage upon said tract of land to secure the payment of a promissory note for the sum of $190, bearing date February 1, 1888; that afterwards, and on or about the first day of February, 1890, the plaintiffs paid said Mary E. Thompson the full sum due upon said promissory note, but did not receive a satisfaction of said mortgage; that afterwards, and on or about the 28th day of February, 1890, and long after the maturity of said note, and long after the same had been fully paid, the defendant caused to be recorded in the office of the register of deeds in and for Jerauld county an instrument purporting to be an assignment of the said mortgage from said Mary E. Thompson to her; that afterwards, and on or about the 30th day of June, 1896, the defendant caused notice of sale of said property to be given, and proceeded to foreclose the same by a sale of the said real property, which property was purchased at said sale by the defendant; that said plaintiff Sabrina Deindorfer did not join in the execution of said mortgage, although at the time of the execution of the same the plaintiffs were occoupying the said real property as a homestead. The answer of the defendant denies each and every allegation of the plaintiffs' complaint which is not especially admitted in the answer. The defendant sets up the execution of the mortgage by George Deindorfer and Sabrina Deindorfer, his wife, alleging that they both made, exe cuted, acknowledged, and delivered the same. She then sets out the various proceedings culminating in a sale of the property and the execution of a deed to the defendant; and she especially denies that said plaintiffs on or about the 1st day of February, 1890, or at any other time before or since said date, paid or caused to be paid the said note, or any part thereof.

The cause was referred to a referee, who made and report-
ed his findings of fact and conclusions of law, the material
parts of which finuings are as follows:   ''(1) I find as a fact
that on the 1st day of February, 1888, the plaintiff George Dein-
dorfer was the owner in fee and in the possession of the fol-
lowing described real estate, situated in the county of Jerauld,
in the State of South Dakota, and described as follows.   *   *
*  (2) I find as a fact that the plaintiffs, George Deindorfer,
and Sabrina Deindorfer, are, and were during all the times
mentioned in these findings, husband and wife.   (3) I find as a
fact that the land described in paragraph numbered 1 of these
findings was on the 1st day of February, 1888, and ever since
that time up to the time of the  commencement of this action
was, used and occupied as a homestead by the plaintiffs in this
action.   (4) I find as a fact that on the 1st day of February, A.
D. 1888, the plaintiff George Deindorfer made, executed, and
delivered to one Mary E. Thompson a certain promissory note
for the sum of $190, said note dated the 1st day of February,
1888, at Crow Lake, Dakota, and said note was due two years
after date, and drew interest at the rate of 10 per cent. per
annum from date; that said note was not signed by Sabrina
Deindorfer, one of the plaintiffs in this action; that Exhibit E
introduced in evidence in this action is the note referred to in
this finding.   (5) That on the 1st day of February, A. D. 1888,
the plaintiffs, George Deindorfer and Sabrina Deindorfer, made,
executed, and delivered to one' Mary E. Thompson a certain
indeuture of mortgage upon the real estate described in para.
graph numbered 1 of these findings, to secure, and did secure,
the note described in paragraph numbered 4 of these findings;
that said real estate mortgage contained a power of sale, and

was duly signed by said plaintiffs, and was duly acknowledged, so as to entitle it to be recorded; and that afterwards said mortgage was duly filed for record in the office of the register of deeds for said Jerauld county.  * * *  (10) That said note has never been paid by said plaintiffs, or by either of them, at the time it became due, or since that time.  (11) That on the 22d day of May, 1896, said mortgage was due and unpaid, and default existed in the terms and conditions of said mortgage securing said note of $190 aforesaid." The referee concludes as a matter of law as follows: "(1) I find as a conclusion of law that said plaintiffs were not the owners of said tracts of land described in said mortgage  * * *  at the time of the commencement of this action, and that neither of said plaintiffs was the owner of said tracts, or any part thereof.  (2) I find as a conclusion of law that said defendant is the owner of said tracts of land described, and of every part thereof, at the time of the commencement of this action.  (3) I find as a conclusion of law that said defendant, as the owner of said tracts ot land aforesaid, is entitled to have her title to said tracts of land quieted and confirmed as against each of said plaintiffs, George Deindorfer and Sabrina Deindorfer." The circuit court confirmed the report of the referee, and entered judgment in accordance with the conclusions of law made by the referee. A motion for a new trial was made, one of the grounds of which was newly-discovered evidence. The motion for a new trial was denied, and this appeal is taken from the judgment and order denying a new trial.

The appellants assign the following errors: "(1) The referee erred in making his findings of fact and conclusions of law in favor of the defendant.  (2) The referee erred in not

finding as a fact whether or not the plaintiff Sabrina Deindorfer ever acknowledged the mortgage involved in said action. (3) The referee erred in not finding whether or not the plaintiff Sabrina Deindorfer ever joined in the execution of said mortgage. (4) The court erred in confirming the said report of the said referee, and rendering judgment thereon. (5) The court erred in denying plaintiffs' motion to set aside the report of the said referee. (6) The court erred in denying plaintiffs' motion for a new trial."

The first assignment of error is too vague and indefinite to require any attention.

The learned counsel for the appellants is evidently laboring under a mistake in the second assignment of error, namely, that the referee erred in not finding as a fact whether or not the plaintiff Sabrina Deindorfer ever acknowledged the mortgage in controversy in this action. It will be noticed by the fifth finding that the referee finds "that said real estate mortgage contained a power of sale, and was duly signed by said plaintiffs, and was duly acknowledged, so as to entitle it to be recorded." We are of the opinion that this finding, fairly construed, is a finding that the mortgage was not only duly signed by said plaintiffs, but was also duly acknowledged by both of them, so as to entitle it to be recorded, and that this finding applies to Sabrina Deindorfer as well as her husband. What has been said with regard to the second assignment of error applies equally to the third.

The fourth assignment of error, that the said court erred in confirming the said report of the referee, and in rendering judgment thereon is somewhat vague and indefinite, but we shall consider that and the fifth assignment as referring to the

insufficiency of the evidence to sustain the findings. It seems to have been the theory of the appellants on the trial that the plaintiff Sabrina Deindorfer never joined in the execution of the said mortgage, either by signing or acknowledging the same. The evidence upon that question was conflicting, and, after a careful examination of the same, we cannot say that the referee erred in finding that the plaintiff Sabrina Deindorfer did in fact execute or acknowledge the mortgage. The notary who took her acknowledgement swears positively that she did both sign and acknowledge the same in his presence, and his evidence as to her signature was corroborated by the testimony of experts upon handwriting, who, upon comparison of her signature upon documents admitted to have been signed by her, with her alleged signature upon the mortgage, testified that in their opinion she did sign the mortgage. It is true that the plaintiff Sabrina Deindorfer testified that she did not sign or acknowledge the mortgage, but we think the evidence fully justified the referee in his finding that Sabrina did both sign and acknowledge the instrument. There was also a conflict in the evidence as to whether or not the note given by the plaintiff George Deindorfer was paid, but upon that question this court is not able to say that the finding of the referee that the note was never paid by the said plaintiffs, or either of them, at the time it became due, or since that time, is not fully justified by the evidence.

In this view of the case, the only question necessary to be considered upon the motion for a new trial is the alleged newly-discovered evidence. On the motion the affidavit of one Fred Buetner was read, in which he stated that he was acquainted with the defendant, Paulina Bachmor; that he had a conversa-

tion with her about the mortgage involved in  this  action; that
he said to her.that Mrs. Deindorfer denied that she ever signed
the mortgage held by her on the Deindorfer homestead; that he
then asked the said Paulina if she knew  who  did  sign  it, and
Paulina then answered, "I did;" that she  said  she  signed the
name of  Sabrina  Deindorfer to the mortgage;  that  after  the
trial of the case Mr. George Deindorfer told him about the evi-
dence given at the trial;  that  he  then told  Deindorfer  what
Paulina Bachmor had told him,  as  herein stated,  and he had
never informed anyone before that time what Paulina Bachmor
had said to him about signing the name of  Sabrina Deindorfer
to the mortgage.   The usual  affidavit  was made by the attor-
ney  for  the  plaintiffs,  and  by  plaintiffs,  that  they  had no
knowledge of this testimony until  after  the  trial.   In opposi-
tion to this motion, Paulina Bachmor made an affidavit in which
she positively denied that she had made the statements testified
to by Fred Buetner in  his  affidavit; that she  ever at any  time
said to Fred Buetner, or to any one else, that  she  had  signed
the name of Sabrina Deindorfer to said mortgage; that she ever
had any conversation with  said  Fred  Buetner  relating to the
execution or signing of the mortgage in  this case.   It was also
shown by affidavit that said Buetner who  made  the  affidavit
was at Woonsocket on December 15th as a witness  on the part
of the said plaintiffs.   There were other  affidavits  introduced
on the part of the defendant,  not necessary  to  be referred to.
The granting of a new trial, even  upon  newly-discovered evi-
dence, is largely within the sound legal  discretion  of  the trial
court; and this court will not review the  order  denying a new
trial in such a case, unless there has been  a  manifest abuse of
the court's discretion.   It can hardly be said in  this  case that

there was such an abuse of its discretion. It seems that the trial was commenced by the referee at Clear Lake in November, and adjournment taken to Woonsocket to enable the plaintiffs to produce their rebutting evidence, and that said Fred Buetner, who made the affidavit, was one of the witnesses taken to Woonsocket by the plaintiffs to testify in their behalf. It further appears that the referee did not file his report until the July following. It seems a little remarkable, therefore, that the witness Buetner should fail during all that time to disclose to the plaintiffs the important admissions he claims the defendant made to him in regard to the signing of the mortgage. In view of all the circumstances connected with the case, we think the circuit court committed no error in refusing a new trial.

The appellants contend that the mortgage was void for the reason that it was executed upon land settled upon by the plaintiffs as a homestead under the laws of the United States, prior to the final proof under such laws. But this question does not seem to have been raised in the court below in any form, and it cannot be, therefore, raised in this court for the first time. Noyes v. Brace, 9 S. D. 603, 70 N. W. 864. Finding no error in the record, the judgment and order denying a new trial are affirmed.